PATTERSON ET AL. *v.* BROWNING.

[No. 17,974.   Filed October 23, 1896.]

DESCENT AND DISTRIBUTION.—*From Childless Second Wife to Adopted Child.—Forced Heirship.—Statutes Construed.*—An adopted child under the provisions of section 825, R. S. 1881 (837, Burns' R. S. 1894) is entitled to inherit the same as a natural child in lands descending at the death of the adopting father to a childless second wife, which, under section 2487, R. S. 1881 (2644, Burns' R. S. 1894) at the death of such childless second wife descends to his children.

SAME.—*Adopted Child.—Forced Heirship.—Second Adoption.*—An adopted child of the deceased husband did not lose her right under section 2487, R. S. 1881 (2644, Burns' R. S. 1894) as forced heir of the second wife to the realty which descended to such wife at the death of her husband without children by her, by the child's subsequent adoption by the man whom the widow married.

From the Vanderburgh Superior Court. *Affirmed.*

J. B. *Rucker,* for appellants.

W. H. *Gudgel,* for appellee.

McCABE, J.—After filing a cross-complaint by the appellee, the appellants dismissed their complaint. The superior court overruled a demurrer to the cross-complaint and sustained a demurrer to the appellants' answer to such cross-complaint, and appellants refusing to plead further or amend, the court rendered judgment of partition of the real estate described in the cross-complaint, situate in Vanderburgh county, between the appellants and appellee.

The only question presented is upon the rulings on demurrer.

It appears from the cross-complaint and answer thereto that, on February 2, 1882, appellants' father, James C. Inwood, married Mrs. Mary E. Kahn, a widow; that appellants, Nettie, Ella, Arthur and Anna, are the children of said Inwood by a former marriage. On August 22, 1882, said James C. Inwood, in due form of law, adopted Bessie Moffet as his child, and her name was changed to Bessie Inwood. On January 6, 1884, James C. Inwood died intestate, seized in fee-simple of the real estate in controversy, and other real estate and personal property accumulated during the life of his first wife, the mother of the appellants. He died without issue by his then wife, Mary E. Inwood, leaving her his surviving widow, she being his second wife and childless, and leaving appellants, his natural children and his adopted child, Bessie Inwood, the appellee, whose name was afterwards changed to Bessie Browning, all surviving him. On January 16, 1885, Robert P. Hooker, administrator of the estate of said James C. Inwood, deceased, petitioned the proper court for partition of the real estate of said decedent, so as to make assets out of the two-thirds thereof to pay the debts of said decedent. And in that proceeding the real estate in controversy was set off to such surviving widow as the one-third of the whole in fee-simple. Under this decree she took possession of the same, and held it until her death, on August 15, 1895. On August 25, 1885, said widow married William A. Browning. On May 24, 1888, Bessie Inwood was adopted by him and her name changed to Bessie Browning.

Upon this state of facts the appellants claim that the real estate in controversy descended to them as the forced heirs of said widow to the exclusion of all others, and especially to the exclusion of the appellee.

It will be seen that at the date of the death of James C. Inwood, January 6, 1884, that the amendment to section 2487, R. S. 1881, had not been adopted. Burns' R. S. 1894, section 2644. Therefore, it is conceded on both sides that the fee-simple descended to the widow, Mary E. Inwood, and that at her death it descended from her to her husband's children. The point of contention is whether the appellee, the adopted child, was a child within the meaning of the statute already referred to. The appellants contend that she was not, and the appellee contends that she was.

. The language of the proviso to the section is as follows: "*Provided*, That if a man marry a second or subsequent wife, and has by her no children, but has children alive by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children." R. S. 1881, section 2487.

The pertinent part of the other statute involved provides that "from and after the adoption of such child it shall take the name in which it is adopted and be entitled to and receive all the rights and interest in the estate of such adopting father or mother, by descent or otherwise, that such child would if the natural heir of such adopting father or mother." Burns' R. S. 1894, section 837 (R. S. 1881, 825).

. Construing the last statute above quoted along with the proviso in the other quoted above as amended in 1889 (Burns' R. S. 1894, section 2644), the language of which as to the point now in question is substantially the same as the original, this court held in *Markover* v. *Krauss*, 132 Ind. 294, 17 L. R. A. 806, that an adopted child, under the provisions of the section, inherit the same as a natural child. To the same effect is *Barnhizel et ux.* v. *Farrell*, 47 Ind. 335. The conclusion here

reached is not inconsistent with *Keith* v. *Ault*, 144 Ind. 626, as that decision is founded on a different statute.

The other reason suggested why the appellee could not inherit as the adopted child of James C. Inwood, suggested by appellants' learned counsel, namely, that she was afterwards adopted by William A. Browning, is not supported by any reason or authority, nor have we been able to find any. We see no reason why an adopted child may not inherit from its natural parents, and also from its adopted parents. And if that is so, and we think it is, there is equally no reason why such adopted child might not inherit from both the first and second adopted parents. At all events, there is no reason why the second adoption should destroy the relation created by the first adoption and the legal capacity to inherit thereby created.

Therefore, the superior court did not err in overruling the demurrer to the cross-complaint and in sustaining the demurrer to the answer of the cross-complaint.

The judgment is affirmed.

### DISSENTING OPINION.

JORDAN, J.—I cannot yield my concurrence to the result reached by the majority of the court. I am of the opinion that section 2487, R. S. 1881, of the Statute of Descent, cannot be, in reason, construed so as to hold that a child adopted alone by the wife's deceased husband, is her forced heir within the meaning of that section. Or, in other words, that such adopted child cannot be held to be a child by a previous wife, by whom it was not adopted, such being the facts in this case.