## *In re* KLAPP'S ESTATE.

### KLAPP *v.* PULSIPHER.

1. ADOPTION—RIGHT OF INHERITANCE.
   An adopted child may inherit from both his natural and adoptive parents.

2. SAME—RIGHT OF INHERITANCE—READOPTION—EFFECT
   Where a second adoption proceeding was signed and assented to by the parties and approved by the probate court, it *ipso facto* revoked or superseded the order made in the first proceeding and such original order, upon revocation, carried with it all reciprocal rights and duties which sprang into existence when the order was made, including the right to inherit from the persons first adopting the child. BROOKE, J., dissenting.

Error to Van Buren; Des Voignes, J. Submitted April 13, 1917. (Docket No. 63.) Decided September 27, 1917.

Cyrus Klapp and another appealed to the circuit court from a final order of distribution of the estate of Cyrus J. Klapp, deceased, awarding a portion of said estate to Harlan Austin, an adopted child who had

prior to the death of Cyrus J. Klapp been legally re-adopted by Albert E. Pulsipher and wife. Judgment affirming the order of the probate court. Contestants bring error. Reversed.

*Clare E. Hoffman* (*Charles Thew*, of counsel), for appellants.

*Frank H. Williams* and *Wilkes & Stone*, for appellee.

BIRD, J. When Harlan Austin, of Van Buren county, was 3 years of age, both of his parents died and soon thereafter, in September, 1899, he was adopted by Cyrus J. Klapp and his wife, Esther; the child's grandparents consenting thereto. When he was 7 years of age his adoptive mother, Mrs. Klapp, died, and he was then adopted by Albert E. and Eva E. Pulsipher; Cyrus J. Klapp consenting. Thereafter Harlan left the Klapp family and lived and was cared for in the home of Pulsipher. In 1908 Cyrus Klapp married the defendant Lottie, and in February, 1915, he died, leaving him surviving Lottie, his widow, his father, one brother, and four sisters. The estate of Cyrus J. Klapp was probated. The final order of distribution assigned to Lottie the widow, one-third of the real estate, and to the adopted boy, Harlan, two-thirds of it, whereupon an appeal was taken by the widow and father of the deceased to the circuit court, where the probate order was confirmed. They have again appealed, and we are asked to determine whether an adopted child loses his right to inherit from the parent who first adopted him, if he is thereafter adopted by another.

The rule appears to be pretty well settled by the adjudicated cases that an adopted child may inherit from both his natural and adoptive parents. 1 C. J. p. 1400, and cases cited. This rule, which appears to be conceded by both counsel, is the foundation for the

trial court's ruling and for the argument of appellee's counsel. The argument is that, if the adopted child may inherit from his natural father after being adopted by a stranger, by analogy it should be held that the child, after being adopted a second time, and while living with his second adoptive father, may inherit from his first adoptive father. If this reasoning be sound, the question must again be determined in favor of the appellee. I am not persuaded, however, that such a conclusion necessarily follows, although one reported case is cited which sustains it. *Patterson* v. *Browning*, 146 Ind. 160 (44 N. E. 993). That part of the statute which fixes the status of the parent and adopted child provides that:

"Whereupon such child shall, in case of a change of name, thereafter be known and called by said new name, and the person or persons so adopting such child shall thereupon stand in the place of a parent or parents to such child in law, and be liable to all the duties and entitled to all the rights of parents thereto, and such child shall thereupon become and be an heir at law of such person or persons, the same as if he or she were in fact the child of such person or persons." 3 Comp. Laws, § 8780 (3 Comp. Laws 1915, § 14142).

No question is raised as to the validity of either adoption proceedings. In fact, it is stated in the briefs that both proceedings are valid. Assuming that the second proceeding is valid, I am of the opinion that, when it was signed and assented to by the parties and approved by the probate court, it *ipso facto* had the effect of revoking or superseding the order made in the first proceeding. When the original order was revoked, it carried with it all the reciprocal rights and duties which sprang into existence when the order was made. Thereafter the first adoptive father was no longer entitled to the custody of the child; neither was he entitled to his services. He was no longer obligated to care for, educate, and support the child. If the new

adoption destroyed these rights and obligations, why did it not destroy the child's right to inherit, since that right was dependent for its existence upon the same assent, the same agreement, which created the other relations? When the reciprocal rights and duties and the right to inherit are all created by the same instrument, signed by the parties and approved by the probate court, by what process of reasoning can the conclusion be reached that a new and second order will put an end to all the rights, duties, and incidents of the contract except the right to inherit? Why should the child's right to inherit remain when the adoptive father is no longer entitled to his custody, companionship, and services, the very things which induced him to make him an heir? If the right to inherit is the one incident of the agreement which survives the second order, then the statute may be used indirectly to create the relation of parent and child, with none of the incidents of that relation, except the right to inherit. The statute has not directly provided for the creation of any such relation.

But, it is argued, how can the child be relieved of its obligations to a natural parent and still retain its right to inherit? The reason therefor lies in the fact that at the moment of birth the child's status is fixed by law; at birth the child becomes the issue of the parent, and is included within the provision of the statute which declares all issue shall inherit the property of their parents. In the case of the natural father, the question whether the child shall become his heir is not subject to his assent or contract, and therefore the child's right to inherit from him is not subject to his election. The law irrevocably fixes his status in that respect the moment he is born. In the one case, by no act of the parent can he prevent the child becoming his heir. In the other case, the child cannot become his heir without his consent. One situ-

ation depends upon blood and birth; the other, upon consent and contract.

If, as counsel for appellee insist, the doctrine of "once in grace always in grace" controls, and "once adopted always adopted" is to be the rule, I think we should hold that under the statute there can be no legal readoption during the lives of the adoptive parents. This would be an unfortunate rule, and would doubtless work a hardship in many cases. I am of the opinion that Harlan Austin is not entitled to have assigned to him any portion of the estate of Cyrus J. Klapp.

The judgment is reversed, with costs of this court to appellants.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and FELLOWS, JJ., concurred with BIRD, J

BROOKE, J. (*dissenting*). The statute (3 Comp. Laws, § 8780, 3 Comp. Laws 1915, § 14142) provides that upon adoption:

"Such child shall thereupon become and be an heir at law of such person or persons, the same as if he or she were in fact the child of such person or persons."

The reasoning of my Brother BIRD, it seems to me, quite overlooks the fact that the child, whose interests are always paramount, is in no sense a party to what he calls the contract of adoption. There is no contract between the foster parent and the adopted child. The law at the request of the adoptive parent or parents fixes the status of the adopted child, and makes it exactly the same as if the adopted child had been born of the bodies of its foster parents. It is conceded that an adopted child will inherit from its natural parents as well as from its foster parents. Nowhere in the statute is it provided that a second adoption destroys or nullifies the relation upon which heirship is de-

pendent, created by the first adoption. As a natural, father cannot, by his consent to its adoption, deprive his offspring of his right to inherit, so, too, I think it should be held that an adoptive parent, who has voluntarily brought about the legal relationship of parent and child, may not, by his subsequent consent to his readoption, deprive such child of his right to inherit.

The judgment should be affirmed.