# CHARLESTON.

JOHN L. CROCKETT V. PHILIP COHEN *et al.*

Submitted April 16, 1918.   Decided April 23, 1918.

QUIETING TITLE—*Cloud on Title—Second Conveyance by Grantor.*

Where negotiations for the exchange of a seven passenger Interstate touring car for a town lot and a note for fifty dollars is consummated by a delivery and acceptance of the car, deed and note, and the deed and note are returned to the grantor solely to affix and cancel the necessary internal revenue stamps, and in the meantime and in disregard of the rights of the grantee the grantor attempts to consummate a like exchange with another dealer in automobiles who then had notice or knowledge of the antecedent transaction, equity will at the suit of the first grantee cancel the second deed as a cloud upon his title, and require the grantor to execute and deliver to him an apt and proper deed for the lot in accordance with the terms of the antecedent agreement.

Appeal from Circuit Court, Mercer County.

Suit by John L. Crockett against Philip Cohen, H. Bowen Greever, and others.   Decree for plaintiff, and defendant H. Bowen Greever appeals.

*Affirmed and remanded.*

*John R. Dillard,* for appellant.

*Geo. Richardson, Jr.,* for appellee.

LYNCH, JUDGE:

The plaintiff, a dealer in automobiles, in 1916 owned a seven passenger Interstate touring car and the defendant, Cohen, a lot in or near the City of Bluefield, and they entered into negotiations to exchange the car for the lot and fifty dollars, the transaction to be evidenced by a delivery of the car, deed and note in due form, the latter being the difference agreed upon by them between the values of the properties.   Plaintiff performed his part of the agreement. He delivered the car and swears defendant delivered the deed and note which he accepted in consummation of the exchange, but later observing the lack of internal revenue stamps required by law for the validity of the papers, he re-

turned them to Cohen to affix and cancel the stamps as so required. Cohen subsequently entered into negotiations with his codefendant, Greever, a business rival of the plaintiff, as a result of which they also agreed to make a similar exchange, an automobile for the lot, which they attempted to consummate by a delivery of the car and deed; and plaintiff having brought this suit and obtained a decree cancelling the deed to Greever as a cloud upon his title to the lot and requiring Cohen to make, execute and deliver an apt and proper deed therefor, Greever alone prosecutes this appeal, the chief ground insisted upon for reversal being the insufficiency of the evidence to show knowledge on his part of the pendency and consummation of the antecedent negotiations between the plaintiff and Cohen.

This defense cannot successfully be sustained upon any reasonable aspect or view of the facts proved. No doubt of any substantial character can arise of the complete execution of the antecedent contract. There was a complete delivery of the touring car and the deed and note on the third or fourth day of May, 1916, in entire accord with the previous understanding of the parties thereto, save as to the matter of stamps, and these it was the duty of Cohen to affix and cancel; for which purpose it is not denied substantially, but apparently proved, that they were returned to him the same day they were delivered to Crockett, and he had them in his possession two days later when he and Greever began and concluded their negotiations for a similar exchange of properties by the delivery of an automobile and what purports to be a deed for the lot.

Of the former transaction Greever had notice in part at least, as he admits and Cohen swears, and had the means of knowledge sufficient to cause an ordinarily prudent man to set on foot an investigation, which, if prosecuted with reasonable diligence, would have resulted in the ascertainment of the full and complete culmination of the antecedent negotiations with Crockett. The circumstances under which he acted and the knowledge he actually possessed at the time and during the brief period, the afternoon and evening of May 5, of his negotiations for the subsequent exchange are such as

to deprive that transaction of any semblance of bona fides as regards the rights of Crockett and to show conclusively that he and Cohen were engaged in an attempt to defraud Crockett by depriving him of the fruitage of the prior consummated contract.

The second trade, as we have said, was begun and ended on the afternoon and evening of May 5, 1916. At its very inception Greever knew that Cohen had possession of his deed to Crockett, which Cohen exhibited to him immediately after they "had gotten into a car and gone to South Bluefield to look at the lot". Doubtless perceiving the danger of this admission upon the question of his good faith, he later undertook to retract it by saying that Cohen did not exhibit the deed until an hour or more after they returned from that trip, when he, acting upon the suggestion of Cohen, erased Crockett's name and in lieu thereof substituted his own, thus giving to the deed the appearance of an original grant to himself instead of to Crockett; also he and Cohen agree in swearing that at that time the deed was not acknowledged, in which respect the deed itself contradicts both of them. For if it be true, as they swear, that the second deal was closed on May 5, and in that other circumstances corroborate them, then it must be true, as Crockett swears and as the deed shows, that it was acknowledged when delivered to the latter on the third or fourth of May. It and the certificate of acknowledgment bear the same date, May 3, 1916, two days before the date fixed for the subsequent deal. Besides, Cohen swears he informed Greever of the negotiations with Crockett at the very inception of the negotiations that resulted in the second trade. Greever denied knowing anything about them until he and Cohen had come to a final understanding and agreement upon the terms of their trade.

These and other inconsistent and contradictory facts and circumstances, instead of sustaining the transaction between Cohen and Greever as fair and free of a wrongful intent, show it to have been designed and intended by both of them to wrong, cheat and defraud Crockett; and as in our opinion they and the affirmative testimony on behalf of the plaintiff

fully warrant the decree appealed from and none other, we therefore affirm it and remand the cause for further proceedings therein.                    *Affirmed and remanded.*