MAUDE ESTELLE HOLMES, Appellee, v. L. E. CURL et al., Appellants.

PLEADING: Demurrer to Answer Containing General Denial. A
1 ruling sustaining a demurrer to an answer will not be set aside on the point that the answer contained a denial of a certain material allegation of the petition, when the record demonstrates that said denial was abandoned in the trial court, and that the parties, in disposing of the matter on demurrer, mutu-

ally proceeded on the assumption that the allegation in question was true, as alleged by plaintiff.

ADOPTION: Re-Adoption by Natural Parent—Effect on Right of Inheritance. The legal adoption of a child confers upon the child the right to inherit from its adopting parent, and such right is in no wise changed by the subsequent act of the adopting parent in executing adoption papers back to the natural parent.

ESTOPPEL: Equal Possession of Facts. One may not be estopped to assert a right, when the facts pertaining to that right are equally within the knowledge of both contending parties. So held where it was claimed that a child by adoption had permitted an estate to be closed, without asserting its right of inheritance.

*Appeal from Shelby District Court.*—THOMAS ARTHUR, Judge.

JULY 6, 1920.

SUIT for the partition of real estate. Defendants appeal from a judgment upon demurrer to answer.—*Affirmed.*

*Edward S. White* and *Thomas H. Smith,* for appellants.

*Cullison & Cullison,* for appellee.

STEVENS, J.—Plaintiff alleged in her petition that, on May 27, 1884, she was, by written articles, adopted by Martin L. and Abigal Curl as their child, her father, Nyram R. Pratt, who was her sole surviving parent, consenting thereto; that said articles of adoption were duly filed for record, and recorded in Book 93, page 614, of the Miscellaneous Records of Shelby County, Iowa, and indexed in Miscellaneous Index 10, as required by law; that, on February 7, 1911, the said Martin L. Curl died intestate, seized of the NW¼ of Section 29, Township 81, Range 38 west, leaving the plaintiff and the defendants, except Gerold

1. PLEADING: demurrer to answer containing general denial.

Adam Coenen and wife and William Coenen and wife, who are purchasers of said land from their codefendants, as his sole heirs at law; that plaintiff is the owner and entitled to the possession of an undivided one-sixth interest therein, and praying a partition thereof and for other equitable relief. The defendants, for joint answer to plaintiff's petition, admitted that Martin L. Curl died intestate, seized of the land described, leaving the defendants only, except the parties above named, as his sole surviving heirs at law; that, on or about the year 1884, the said Martin L. and Abigal Curl and Nyram R. Pratt executed alleged articles of adoption, in words and figures as charged in plaintiff's petition, and that same were duly recorded in Book 93, at page 614, Miscellaneous Records of said county, and indexed as alleged. The said defendants, among other matters, further alleged:

"Further answering the petition and amendment thereto of plaintiff, these defendants allege that the said alleged articles of adoption were not duly and legally executed, and were not duly and legally filed, indexed, and recorded; and that said alleged articles of adoption were wholly lacking in such compliance with the law as required to entitle plaintiff to any rights of an heir, as claimed by her; and that she takes no rights whatever as an heir, and by virtue of said alleged articles of adoption, or in any other manner whatsoever."

And also that, on or about April 1, 1892, the said Martin L. and Abigal Curl, by written articles of adoption, signed and acknowledged as required by law, re-adopted plaintiff to the said Nyram R. Pratt, her father, and that, by reason thereof, she lost all right of inheritance in and to the property or estate of the said Martin L. Curl. In a second count, defendants sought to plead an estoppel, the grounds of which will be referred to in detail later. Copy of the written articles of adoption, executed in 1884, were attached to plaintiff's petition, as was also a copy of the articles of re-adoption to defendant's answer. By an amendment, the

defendants voluntarily withdrew the portion of their original answer quoted above, but added:

"Defendants do not hereby waive any rights in this action under their general denial hereinafter set forth, but elect to avail themselves of every right asserted and every right properly claimed under such general denial."

The denial thereafter set out in their answer is as follows:

"Further answering the petition and amendment thereto of plaintiff, defendants deny that plaintiff is now, or, at the date of decease of Martin L. Curl and wife, was, or after the surrender of her custody and control by Martin L. Curl and his wife to the father of plaintiff was, or after the execution and recording of the instrument in the answer of defendants described (and recorded in Book 93 at page 614 of the public Miscellaneous Records of Shelby County, Iowa, in the office of the county recorder) was, the adopted child of said Martin L. Curl or of said Abigal Curl, under the facts as pleaded in the above-entitled cause; and defendants, further pleading herein, deny each and every allegation in the petition and amendment thereto of plaintiff not herein expressly admitted."

It is further alleged in said amendment that, after the execution of the second articles of adoption, Martin L. and Abigal Curl surrendered the care and custody of plaintiff to her father, and that she ceased thereafter to reside with or serve them.

To defendant's answer and each count thereof, the plaintiff interposed a general equitable demurrer, which was sustained; and, defendants having elected not to plead over, a decree was entered, finding and adjudging plaintiff as the owner of an undivided one-sixth interest in the above-described real estate, and ordering the same sold and the proceeds divided according to the interest of each of the respective parties hereto.

I. It is claimed by counsel for appellant that their answer denied the following allegations of plaintiff's petition: (a) That the articles of adoption relied upon were

in manner and form as required by law; (b) that same were duly and legally executed; (c) that Nyram R. Pratt was the sole surviving parent of plaintiff; and (d) that same were duly and properly filed, recorded, and indexed.

The due execution, recording, and indexing of the articles are alleged in plaintiff's petition, in addition to the specific allegations stated above. These allegations, however, amounted to nothing more than the statement of legal conclusions, and hence the denial had no other effect than to deny them as such. The allegation, however, that Nyram R. Pratt was the sole surviving parent of plaintiff was the statement of a material ultimate fact, which plaintiff was bound to prove, and not a legal conclusion.

On the other hand, it is contended by counsel for appellee that defendant's denial did not put in issue any of the material allegations of the petition, as distinguished from legal conclusions, and that, under the admissions of the answer, plaintiff made out a prima-facie case. Some reliance is also placed by counsel for appellee upon the recital in the articles of adoption describing Nyram R. Pratt as the sole surviving parent of plaintiff, and upon the fact that, under Section 3629 of the Code, any defense relied upon to avoid the articles of adoption must be specially pleaded. The written instrument was duly acknowledged before a notary public, and admissible in evidence without further proof. Code Section 4629. The relationship of plaintiff and Nyram R. Pratt is admitted and alleged in defendant's answer, and it is nowhere alleged therein, nor is claim made in argument, that he was not her sole surviving parent. It is contended by counsel for appellee, both in their written and oral arguments, and not denied by counsel for appellant, that defendant's denial was not relied upon in the court below to raise the question now argued, and that, in the submission of the demurrer, it was wholly ignored, and only the legal questions raised by the demurrer considered by either party or by the court. It is manifest from the record that it was not intended by defendants by said denial to raise the question of the authority of Pratt

to consent to the adoption. This is made clear by the with-drawal from their original answer of the portion quoted above. Evidently, counsel upon both sides sought to dispose of the question of plaintiff's interest in the estate upon demurrer, and they did not rely upon a technical denial of an allegation in plaintiff's petition about which there is manifestly no dispute. As the allegations of the petition in the court below were treated as sufficient to make out a prima-facie case, and the demurrer to the answer was disposed of on both sides without reference to the qualified denial contained therein, we will so treat the matter in this court. In view of this conclusion, it is unnecessary to determine or discuss the other matters referred to by counsel in argument upon this point.

II. No right of adoption existed at common law, but it is authorized by Chapter 7, Title XVI, of the Code of 1897. The Code of 1873 contained a similar provision.

2. ADOPTION: re-adoption by natural parent.

Section 3251 confers authority upon the sole surviving parent to consent to the adoption of a minor child by written articles of adoption, and provides what shall be contained therein. Section 3252 requires that same be signed and acknowledged by such parent and by the adopting parties, and that it be recorded in the recorder's office in the county where the persons adopting reside, and be indexed with the name of the parent by adoption as grantor, and the name of the child as grantee, in its original name, if stated in the instrument. Section 3253 provides:

"Upon the execution, acknowledgment and filing for record of such instrument, the rights, duties and relations between the parent and child by adoption shall be the same that exist by law between parent and child by lawful birth."

But for the alleged re-adoption of plaintiff by her father, her right to inherit from Martin L. Curl must be conceded. The decision of this question, therefore, depends upon the effect to be given to the second articles of adoption.

Counsel for appellee contend that plaintiff did not lose her right of inheritance, acquired by the original articles

of adoption, for the reasons:     (a) That Martin L. and
Abigal Curl had no authority to execute the articles of
adoption relied upon; and (b) that, if such authority
existed, her right of inheritance was not affected thereby.
Section 3251 of the Code requires that, if living, and not
divorced or separated, the consent of both parents shall be
given to the adoption of a minor child; but, if divorced,
separated, or unmarried, the consent of the parent having
the legal care and providing for the wants of the child is
sufficient; or if either is dead, the surviving parent may con-
sent thereto; or if both parents are dead, or if the child
has been abandoned, the mayor of the city where it is liv-
ing, or, if not in a city, the clerk of the district court of the
county of its residence may consent to such adoption.     The
statute does not, therefore, in terms authorize the foster
parents to consent to the adoption of their adopted child,
or to execute articles for that purpose.     If such authority
is conferred by the statute, it is because they stand in the
same relation to an adopted child as they would if it had
been born to them in lawful wedlock.     As already stated, the
statute declares that the relationship between parent and
child by adoption shall be the same as that existing by law
between parent and child of lawful birth.     The status, there-
fore, fixed by the original articles of adoption was that of
parent and child, with the same right of inheritance as a
child of lawful birth.     The relation was not merely that of
contract between Nyram R. Pratt and Martin L. and Abigal
Curl, which could be canceled or terminated by mutual
agreement.     The adoption was for the benefit of plaintiff,
and the right conferred upon her by the articles of adop-
tion and by the statute could not be abrogated or destroyed
at the pleasure of the father and the adopting parents.
Plaintiff did not lose her right to inherit from her father by
her adoption, but acquired an additional right of inherit-
ance.     *Wagner v. Varner,* 50 Iowa 532; *Hilpire v. Claude,*
109 Iowa 159; *Shick v. Howe,* 137 Iowa 249.

It has been held that the adoption of a child subsequent
to the execution of a will has the same effect thereon as

the birth of a posthumous child for whom no provision is therein made. *Flannigan v. Howard,* 200 Ill. 396 (65 N. E. 782); *Glascott v. Bragg,* 111 Wis. 605 (87 N. W. 853); *Dreyer v. Schrick,* 105 Kan. 495 (185 Pac. 30); *Hilpire v. Claude,* 109 Iowa 159. If, therefore, the legal status of plaintiff was the same as that of the children born to Martin L. and Abigal Curl, and her right of inheritance identical therewith, then it must necessarily follow, whether they had authority to re-adopt plaintiff to her father or not, that her legal status was not changed or altered thereby, and her right of inheritance remained the same as though the second articles of adoption had not been executed.

Counsel for appellant rely upon the decision of the Supreme Court of Michigan in *In re Klapp's Estate,* 197 Mich. 615 (164 N. W. 381). In that case, the court held that all right of inheritance was destroyed by the subsequent adoption of the child to another by the adopting parents. The decision was by a divided court, and, so far as we have been able to find, has not been followed in any other jurisdiction.

The Supreme Court of Kansas in *Dreyer v. Schrick,* supra, specifically disapproved thereof, and it is held to the contrary in *Patterson v. Browning,* 146 Ind. 160 (44 N. E. 993), and *Villier v. Watson,* 168 Ky. 631 (182 S. W. 869). The court in *Dreyer v. Schrick,* supra, said:

"The plaintiff refers to the rule that, when an order of adoption has been set aside, the status of the child is the same as if no adoption proceeding had taken place, and cites cases sustaining the rule. It has no application to the present controversy. In the case of *In re Klapp's Estate,* 197 Mich. 615, it was held that a second adoption has the effect of 'revoking or superseding' the order made in the first adoption proceeding, and, since right of custody, obligation to nurture, etc., consequent upon the first proceeding, fall, the right of heirship, conferred by the same proceeding, falls. The defect in this reasoning is that, while a new domestic relation is created, the first proceeding

is not affected in any particular by the second. The first proceeding stands for all time, in all its integrity, attended by the same legal consequences as birth of a child to the adopting parents, unless formally annulled on sufficient grounds, in a proper proceeding to that end. The law creates capacity to inherit, and not birth or adoption. The law invests those born and those adopted with that capacity, without distinction. Some other law must be found which destroys the capacity in one case and not in the other, or it persists, without regard to whether it originated with birth or with adoption. The adoption statute has no such effect, and no other statute exists which does."

The questions here under discussion were not presented or decided by this court in *Clayton v. Whitaker*, 68 Iowa 412; and, in so far as the language of the court tends to support the theory of appellant, it was with reference to the consideration of a note given by the natural father to the adopting parent, to pay for keeping an adopted child after the mother had agreed to take the child back.

It is our conclusion, and we hold, that, whether the second adoption was authorized or not,—a question we do not decide,—the status of plaintiff, so far as it related to her right of inheritance, was in no wise changed by such adoption. She acquired no other or different right of inheritance from her father by the second alleged adoption than she already possessed.

III. The heirs of Martin L. Curl, except the plaintiff, conveyed the real estate in question to their codefendants. It is alleged in their answer that the plaintiff, at the time of the administration of the estates of Abigal and Martin L. Curl, and of the purchase and sale of said real estate, resided in the vicinity thereof; that she knew that same was about to be sold; that, during the negotiations therefor and the actual conveyance thereof, she remained silent, and made no objection thereto, and asserted no claim, right, title, or interest therein; that she permitted said estates to be settled and distributed to the Curl heirs, with knowl-

3. ESTOPPEL: equal possession of facts.

edge thereof, without complaint or objection; that valuable improvements have been made upon said premises by defendants and taxes paid thereon, with knowledge of plaintiff and without complaint or protest upon her part or contradiction of any kind; that defendants have at all times relied upon the silence of plaintiff, and her failure to assert any claim or interest in said property, when it was her duty to do so, and in further reliance thereon sold and conveyed the same; and that, because of such silence and failure of plaintiff to assert some claim or interest in said land, she is fully barred and estopped from claiming ownership or asserting an interest therein. Counsel for appellee refuse to accept the plea of estoppel as binding upon them, for the reason that it is not alleged that the plaintiff knew of her rights or interest in said land, either in fact or law, and that the means of knowledge were equally available to all parties.

It is not alleged in defendants' answer that plaintiff knew, either of the articles of adoption or the legal effect thereof, except as notice was imparted to her by the record. Defendants, as well as plaintiff, had constructive notice, and it must be assumed from the allegations of defendants' answer that the Curl heirs at least had actual knowledge thereof. The plaintiff was related to Martin L. Curl only by adoption, without which she would have had no interest whatever in his estate, and the allegations of defendants' answer that they relied upon and were misled by her silence must be based upon actual knowledge of the articles of adoption; otherwise, they would have had no occasion to consider or rely upon her silence, nor could they have been benefited or injured thereby. It is more than probable that the defendants misunderstood the legal effect of the second articles of adoption, and that this misunderstanding was what misled them. Unless plaintiff concealed some right or claim to an interest in said real estate, with knowledge thereof, no just inference of actual or constructive fraud could arise therefrom. 1 Story on Equity Jurisprudence (13th Ed.), Section 386. The articles of adoption were of

record in Shelby County; the means of ascertaining what, if any, interest plaintiff had in the land were equally available to plaintiff and to all of the defendants. Where the facts are known to both parties, or where they have equal means of ascertaining the truth, there can be no estoppel. *Logan v. Davis*, 147 Iowa 441; *Busby v. Busby*, 137 Iowa 57; *Crockett v. Cohen*, 82 W. Va. 284 (95 S. E. 959).

Clearly, the demurrer to this count of the answer was properly sustained. It follows that the judgment and decree of the court below must be and are—*Affirmed*.

WEAVER, C. J., LADD and GAYNOR, JJ., concur.