Emerson v. Peters.

---

No. 23,340.

GEORGE E. EMERSON et al., *Appellees,* v. WILSON PETERS and MRS. WILSON PETERS, *Appellants.*

### SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Statute Must Be Affirmatively Pleaded.* The defense of the statute of limitations must be affirmatively pleaded to be available, and when it is not pleaded nor considered by the trial court it cannot be asserted for the first time upon appeal.

2. EJECTMENT—*Prima Facie Evidence of Heirship—Burden of Proof.* When evidence produced by plaintiffs that their brother, the deceased, under whom they claim heirship, was an unmarried man, that he had no lineal descendants and no heirs at his death except themselves, they made out a *prima facie* case of heirship and the burden rested upon the defendants thereafter to show an adoption of children, if such a fact was asserted.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed December 10, 1921. Affirmed.

*E. F. Murphy,* and *E. E. Euwer,* both of Goodland, for the appellants.

*Frank J. Horton,* of Goodland, and *J. L. Finley,* of St. Francis, for the appellees; *T. F. Garver,* of Topeka, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover a tract of land in Sherman county, which resulted in a judgment for plaintiffs, from which defendants appeal.

It is one of a series of three actions relating to the title and right of possession of the tract. The land was owned by one Dice, who sold it to Luke M. Emerson on January 9, 1900. While owning the land, Emerson died in October, 1912, unmarried and without any lineal descendants. On September 22, 1917, his brothers and sisters and the children of a deceased brother brought the first action against Wilson Peters and his wife. Peters had obtained a tax deed on the land on September 8, 1913, which he caused to be recorded on December 13, of the same year. Shortly afterwards he took possession of the land and was holding possession of it when the action was commenced. The plaintiffs alleged ownership of the land, that

it was held without right or title by the defendants, and they asked for possession and for damages in the sum of $900, alleged to be the rental value of the land during the time that it was wrongfully withheld. The defendants filed an answer and cross-petition claiming the land under the tax deed and the possession held under it. A reply was filed to this pleading alleging that the tax deed was invalid. A trial was begun, and after the evidence had been submitted to the court, plaintiffs, on leave of court, dismissed their action without prejudice to a future action. Later, and on November 19, 1918, a trial was had upon defendants'· cross-petition, in which the court determined that defendants were entitled to the possession of the land, and upon a hearing of plaintiffs' motion for a new trial, the defendants asked and were granted leave·to dismiss the action without prejudice. In the meantime the plaintiffs had brought a second action against the same defendants for the recovery of the land, but this was dismissed on the ground that another action involving the same controversy was pending. The present action setting forth the same cause of action was commenced against defendants on June .7, 1919. An answer was filed by. defendants consisting of a general denial and an averment that the defendants owned and were entitled to the possession of the tract, and that plaintiffs had no right thereto. The reply attacked the validity of defendants' tax deed and specified eleven defects in the tax proceedings. A trial on these pleadings resulted in a judgment for plaintiffs, the court holding that the tax deed was void for the reasons alleged by plaintiffs. It was further held that defendants had used the land for three years prior to the commencement of the action and had received $456 as rents for the same, but they were allowed $272.71 for taxes paid on the land and interest on the payments, and plaintiffs were awarded a judgment for the balance, $233.29.

One of the objections presented on this appeal is that the action was barred by the statute of limitations. It appears that the matter of limitation was not pleaded and no finding thereon was made by the court. Not being affirmatively pleaded nor determined by the trial court, the limitation is not open to consideration on appeal. (*Parker v. Berry*, 12 Kan. 351; *Chellis v. Coble*, 37 Kan. 558, 15 Pac. 505; *Croan v. Baden*, 73 Kan. 364, 85 Pac. 532; *Brumbaugh v. Wilson*, 82 Kan. 53, 107 Pac. 792.) However, it .appears from the record that the first action was brought within' four years after the recording of the tax deed and the first action was dismissed without

prejudice or a decision upon the merits. The action having failed otherwise than on the merits and the present action having been begun within one year after such failure, it was brought in time under section 22 of the civil code.

The principal question presented on the appeal is that the plaintiffs failed in their proof that they were the sole heirs of Luke M. Emerson. There was testimony to the effect that Emerson was an unmarried man, having no lineal descendants, and that his brothers and sisters and the children of a deceased brother, were his only heirs. It is insisted that if plaintiffs failed to prove that he had no adopted children they had failed to show that they were the sole heirs of Emerson. They did offer evidence that they were the only heirs, and even if Emerson had adopted one or more children the testimony as to heirship would have included any that might have been adopted. Adopted children are the children and heirs of those adopting them, with all the rights of inheritance of children by birth. (*Bilderback v. Clark*, 106 Kan. 737, 189 Pac. 977.) Again, there was testimony that plaintiffs were the only lineal descendants of Emerson and if a child had been adopted by the deceased he would have become a descendant by law and would be an heir in direct line from the adopting ancestor. In *Warren v. Prescott*, 84 Maine, 483, it was held under a statute similar to ours respecting adoption, that an adopted child is a lineal descendant of the adopting parents, as he takes by descent the same as if he had been born in lawful wedlock. Proof, therefore, that certain persons were the only heirs and all of the lineal descendants of the deceased would have included adopted children, if there had been any. However, when plaintiffs offered evidence that Emerson was unmarried and had no lineal descendants except themselves, and that they were his only heirs, they made a *prima facie* case that there were neither adopted nor illegitimate children of their brother. There is no presumption that an unmarried man had either adopted or illegitimate children. (*Celis et al. v. Oriol et al.*, 26 La. 403.) It did not devolve upon plaintiffs to prove by negative evidence that such an exceptional status had arisen. The burden of proof rested upon the defendants to show that there had been an adoption of children, if such a claim was made. The defendants did not offer evidence or attempt to prove that there were any adopted children or heirs of the deceased other than the plaintiffs.

The evidence of plaintiffs is deemed to be sufficient, and therefore the judgment is affirmed.