No. 23,448.

SOLOMON DENTON and DAISY ANNA DENTON, *Appellees*, v. LOUISA MILLER et al., *Appellees*, (JAMES A. DENTON, *Appellant*).

SYLLABUS BY THE COURT.

1. ADOPTION OF CHILD—*Probate Court—A Court of General Jurisdiction—Presumptions as to Jurisdictional Facts.* The probate court in making an order of adoption is to be regarded as a court of general jurisdiction, and the existence of facts essential to jurisdiction is to be presumed where the contrary does not appear, although not affirmatively shown by the record.

2. SAME—*Adopted Child—Right of Inheritance.* An adopted child may inherit as such from a collateral relative of the adopting parent.

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed January 7, 1922. Affirmed.

*Oscar P. May,* of Oskaloosa, and *David P. Dabbs,* of Kansas City, Mo., for the appellant.

*Edwin Brown,* of Troy, *Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: In an action for partition the questions arose whether Daisy Anna Denton had been shown to be the legally adopted child of William Denton, and if so, whether in virtue of that fact she was an heir of Jacob Denton, a brother of William Denton. The trial court decided both questions in the affirmative, and James A. Denton, one of the heirs, appeals.

1. The journal of the probate court was introduced, showing this entry under the date of September 11, 1884:

"After the appearance of Mary Pfester her mother in open court and asks the court that said child be adopted by William Denton. And the court being fully advised in the premises does order and decree that the said Anna Daisie Pfester be and she hereby is declared by this court to be the child and heir at law of the said William Denton entitled to all the rights and privileges of a child or heir at law of him, the said Denton, and subject to all the liabilities incident to the relation existing between parents and child."

The validity of the order of adoption is attacked on the ground that neither it nor any other part of the record shows that the adopt-

ing parent, the child, or the child's father appeared in court. The appellant invokes rules which have been thus stated:

"A court of general jurisdiction may have special and summary powers, wholly derived from statutes not exercised according to the course of the common law, and which do not belong to it as a court of general jurisdiction. In such cases its decisions must be regarded and treated like those of courts of limited and special jurisdiction. The jurisdiction in such cases, both as to the subject-matter of the judgment and as to the persons to be affected by it, must appear by the record; and everything will be presumed to be without the jurisdiction which does not distinctly appear to be within it. The power to enter a decree of adoption conferred upon a court of general jurisdiction is a special and summary power of this class, and the facts essential to the exercise of the special jurisdiction must appear upon the record. To give a decree of adoption any force or effect, jurisdiction must have been acquired by the court, first, over the person seeking to adopt the child; second, over the child; and third, over the parents of the child; and there can be no presumption that jurisdiction was obtained over the parent of the child if the record of the adoption is silent on the subject." (1 R. C. L. 603.)

These rules do not apply here for these reasons: "While probate courts are sometimes spoken of as courts of limited jurisdiction, they have jurisdiction over certain peculiar, exclusive subjects, and their jurisdiction is limited only in the sense that it is confined to the particular subject matter, but within their province they are courts of general jurisdiction." (*Parnell v. Thompson*, 81 Kan. 119, 132, 105 Pac. 502.) All powers possessed by the probate court in this state are given to it by statute. (*Carr v. Cartlin*, 13 Kan. 393, 404.) The statutory power to make orders of adoption does not constitute a new function which is foreign to the general purpose for which the probate court was created, as in the case, for instance, of duties with respect to school lands and liquor permits which have been laid upon the person holding the office of probate judge. (*In re Johnson*, 12 Kan. 102; *Intoxicating Liquor Cases*, 25 Kan. 751.) The care of minors is one of the specific subjects committed by the constitution to the probate court under such laws as the legislature may prescribe, and one of the obvious means by which in a proper case minors may be cared for is providing them with parents by adoption. The language of the constitution is: "There shall be a probate court in each county, which shall be a court of record, and have such probate jurisdiction and care of estates of deceased persons, minors, and persons of unsound minds, as may be prescribed by law." (Art. 3, § 8.) This might be regarded as meaning that the court was to have the care merely of estates of deceased persons, estates of minors, and

estates of persons of unsound mind; but that would be a narrow construction. Minors and lunatics require judicial care beyond the mere handling of their estates, and for many years the probate court has appointed guardians of their persons as well as of their property. (Gen. Stat. 1915, §§ 5042, 5048, 6100.) The probate court being with respect to the subject involved one of general jurisdiction, the failure of the record to show affirmatively the existence of facts necessary to the jurisdiction undertaken to be exercised is not sufficient to defeat it upon a collateral attack; in case the record is merely silent the presumption is that the jurisdictional facts existed. (23 Cyc. 1078.) The appellant cites two Kansas cases as conflicting with this rule even as applied to district courts—*Repine v. McPherson,* 2 Kan. 340, and *Hargis v. Morse,* 7 Kan. 415. In the first, the affidavits for attachment and publication were so defective as to defeat jurisdiction, and in the second, the favorable presumption did not arise because only a part of the record had been produced, and that suggested a lack of jurisdiction.

The fact that in other states under different constitutional and statutory provisions orders of adoption are held void, unless· the jurisdictional facts are affirmatively shown in the decree, does not affect the soundness of the conclusion we have announced. It appears, however, that the practice in that regard varies. (1 C. J. 1390.)

"Considerable conflict is to be found in the decisions as to when an order or decree of adoption is to be deemed void for lack of jurisdiction. In some cases it has been said that, as the proceeding is in derogation of the common law, nothing will be presumed in favor of the jurisdiction, and unless all the jurisdictional facts appear affirmatively from the record the adoption is invalid. But the tendency of the courts is away from this harsh doctrine, and the better rule would seem to be that the adoption will be upheld as against a collateral attack unless the want of jurisdiction is affirmatively shown." (1 C. J. 1394.)

Complaint is made of the admission of oral evidence tending to show that the adopting father and the child were in court at the time of the adoption proceedings. This evidence did not contradict, but merely supplemented, the record, supplying the omissions. Whether or not it was necessary, its allowance was not prejudicial error. If a showing with respect to the child's father was needed, it was supplied by a recital in a paper filed by the mother at the time of the proceedings that the child had no known relatives except herself.

It does not appear that any petition was filed by the person desiring to adopt the child, but the statute merely requires an appearance in court and an offer to adopt (Gen. Stat. 1915, § 6362), nothing being said of a written application, which is usual and convenient, but not essential to jurisdiction.

2. The appellant contends that while it has been determined that an adopted child inherits from a lineal ancestor of the adopting parent (*Riley v. Day,* 88 Kan. 503, 129 Pac. 524) it does not inherit from a collateral relative. As suggested in *Malaney v. Cameron,* 99 Kan. 70, 71, 161 Pac. 1180, the usual rule elsewhere appears to be contrary to that of Kansas, but this is largely if not wholly due to a difference in the statutory provisions affecting the matter. Our statute provides that an adoption order shall declare the minor child to be "*the child* and heir" of the adopting parent (Gen. Stat. 1915, § 6362), "entitled to the same rights of person and property as *children* or heirs-at-law" of such parent (§ 6363). This court has uniformly given full force to this language as it stands without lessening its effect by interpretation. Thus it holds that a child inherits from an adopting parent notwithstanding a subsequent adoption by another (*Dreyer v. Schrick,* 105 Kan. 495, 185 Pac. 30), and it has recently said that an adopted child was included within the term "lineal descendant" (*Emerson v. Peters,* ante, p. 87, 202 Pac. 601). We see no reason under our statute as we have construed it for making a distinction between a child by adoption and a child by birth with respect to its right to inherit from any source.

The judgment is affirmed.