## IN RE ESTATE OF MARTHA P. SUTTON.[1]

January 16, 1925.

No. 24,263.

**Collateral attack on decree of adoption.**

1. A decree of a court of general jurisdiction cannot be attacked collaterally, unless upon the face of the record want of jurisdiction is disclosed. Here the decree of adoption itself recites the existence of the very fact, the absence of proof of which is now urged as the ground for attack.

**Child adopted twice may inherit from parents by first adoption.**

2. A second adoption under our statute does not change the status of the adopted child as heir of the first adoptive parents.

**Child may inherit by right of representation.**

3. By virtue of the adoption, the child also inherits by right of representation from relatives of the adoptive parents.

From the decree of distribution in the estate of Martha P. Sutton, deceased, entered in the probate court for Hennepin county, Dahl, J., assigning to Elizabeth Mary Kummer one-half of the estate of decedent, Esli L. Sutton, administrator, appealed to the district court for that county where the appeal was heard upon stipulated facts by Dickinson, J., who affirmed the decree. From the judgment of affirmance, the administrator appealed. Affirmed.

*Jonas Weil* and *Esli. Sutton*, for appellant.

*A. M. Higgins* and *A. H. David*, for respondent.

HOLT, J.

In the estate of Martha P. Sutton, Elizabeth Mary Kummer, an adopted child of Martha's son, was decreed to share equally with appellant, an only surviving child of Martha, and he appeals.

The facts are these: Martha P. Sutton died intestate September 17, 1921. She was then a widow, having no children living except

[1] Reported in 201 N. W. 925.

appellant and no issue of any deceased child. She had had another son, Harry E. Sutton, who predeceased her, leaving no widow or natural child. He, however, had married prior to July 1, 1913, when he and his wife adopted respondent. He died in October, 1917. Subsequently his widow married Nicholas E. Kummer. In 1921 she died, but prior thereto her husband, with her consent, adopted respondent who was by the decree duly made the child and heir of Nicholas E. Kummer and her name changed from Elizabeth Mary Sutton to Elizabeth Mary Kummer.

The first decree of adoption, rendered by the district court of Stearns county, is attacked as without jurisdiction because, it is asserted, neither the natural parents nor the institution which had the custody of the child gave written consent. It is sufficient to say the decree is not subject to collateral attack, unless want of jurisdiction appears on the face of the record. The contrary appears here, for the decree itself recites consent. The law does not require consent to be filed or found by the court. G. S. 1913, § 7155. The decree is by a court of general jurisdiction. In order to determine that it had jurisdiction to render a judgment as to the status of the child, it necessarily determined whether the consent which the law requires for the adoption was given by the natural parents or by the institution which had the custody of the child. All jurisdictional prerequisites to rendering a decree by a court of competent jurisdiction are conclusively presumed, unless the contrary affirmatively appears from the face of the record. Gulickson v. Bodkin, 78 Minn. 33, 80 N. W. 783, 79 Am. St. 352; Leland v. Heiberg, 156 Minn. 30, 194 N. W. 93.

The second adoption did not annul the status of respondent as heir of her first adoptive father, Harry E. Sutton. We held in Roberts v. Roberts, 160 Minn. 140, 199 N. W. 581, that an adoption did not take away the right of the child to inherit from its natural parents. There is no more reason why a second adoption should take away the right of inheritance conferred by the first adoption. Patterson v. Browning, 146 Ind. 160, 44 N. E. 993, is a parallel case on this point. The court there said: "We see no reason why an adopted child may not inherit from its natural parents  *  *  *

and if this is so, and we think it is, there is equally no reason why such adopted child might not inherit from both the first and second adopted parents. At all events, there is no reason why the second adoption should destroy the relation created by the first adoption and the legal capacity to inherit thereby created." To the same effect are: Holmes v. Curl, 189 Iowa, 246, 178 N. W. 406; Dreyer v. Schrick, 105 Kan. 495, 185 Pac. 30; Denton v. Miller, 110 Kan. 292, 203 Pac. 693; Russell's Admr. v. Russell's Guardian, 14 Ky. L. 236; Villier v. Watson's Admx. 168 Ky. 631, 182 S. W. 869, L. R. A. 1918A, 820; In re Klapp's Estate, 197 Mich. 615, 164 N. W. 381, L. R. A. 1918A, 818, holds that a second adoption cancels and annuls a prior one. We cannot concur in that view.

The last contention is that the adoption, while it makes a child the heir of the adoptive parents, should not be held to make it an heir of persons who were not parties to the adoption and had no voice therein. A very well considered case from Missouri is cited. Hockaday v. Lynn, 200 Mo. 456, 98 S. W. 585, 8 L. R. A. (N. S.) 117, 118 Am. St. 672, 9 Ann. Cas. 775. But it is to be noted that the Missouri statute provides for adoption by a deed or contract of the adoptive parents which is executed and recorded. When this is done, the statute gives this force to the deed, that the child shall have the right of a natural child of the parties adopting and continues: "This provision shall not extend to other parties, but is wholly confined to the parties executing the deed." Our statute section 7156, G. S. 1913, is so plain that there is no room for argument. It reads: "Upon adoption such child shall become the legal child of the persons adopting him, and they shall become his legal parents, with all the rights and duties between them of natural parents and legitimate child. By virtue of such adoption, he shall inherit from his adopting parents or their relatives the same as though he were the legitimate child of such parents, and shall not owe his natural parents or their relatives any legal duty; and in case of his death intestate, the adopting parents and their relatives shall inherit his estate, as if they had been his parents and relatives in fact." The matter of inheritance is wholly within the province of the legislature. State ex rel. Pettit v. Probate Court,

137 Minn. 238, 163 N. W. 285, L. R. A. 1917F, 436. The Kansas court has held that an adopted child may be considered a "lineal descendant" of the adoptive parent. Emerson v. Peters, 110 Kan. 87, 202 Pac. 601; and Denton v. Miller, supra, are directly in point upon the proposition now discussed.

The judgment is right and is affirmed.