## IN RE ADOPTION OF JANET MAIR.
## C. J. AND ALMA I. MARTINSON, PETITIONERS; ROBERT L. GOULD, APPELLANT.[1]

July 3, 1931.

No. 28,493.

*Keller, Broady & Chapin,* for appellant.
*Parks & Parks,* for respondents.

LORING, J.

This is an appeal from an order denying a new trial in an adoption proceeding.

The parents of Janet Mair were killed October 1, 1927. Janet is about seven years old. Shortly after her parents' death Robert L. Gould was appointed guardian of Janet's person and estate by the probate court of Ramsey county, where her parents resided at the time of their death. Amanda Jackman is Janet's maternal grandmother. She was allowed by the guardian to have temporary custody of the child. She endeavored unsuccessfully to adopt her. Finally, March 17, 1930, the probate court ordered her to return the child to the guardian at the expiration of the June, 1930, school term. It then took a peremptory order of the court to enable the guardian to take the child.

[1]Reported in 237 N. W. 596.

David E. Mair of Minot, North Dakota, is an uncle of Janet, and June 2, 1930, he and Gould, with the assistance of a deputy sheriff, recovered possession of the child under the court's order. Mair then took her to Minot and adopted her under the laws of North Dakota. This adoption was perfected on June 9, 1930. This was done, it is claimed, with the oral approval of the probate court here, although the trial court found otherwise. There is pending an appeal to the supreme court of North Dakota from the order of adoption made by a court of that state. Prior to the commencement of the Minot proceedings these petitioners commenced a proceeding to adopt Janet in the district court of Hennepin county. This proceeding was pending before the same judge who had previously denied Amanda Jackman's petition, in part because he took the view that consent by the guardian to the adoption was necessary under the statute. June 23, 1930, the district court denied the petitioners' application for adoption. September 23, 1930, it ordered the case reopened for further evidence, which it received October 28, and, November 15, 1930, it granted petitioners' application for adoption without the consent of the guardian, which it specifically found was refused on unreasonable grounds.

Many questions are presented by this appeal, but as we see the case the only one which we need consider is whether or not the statute requires the consent of the guardian under the circumstances here existing in order to authorize the decree of adoption.

Our present adoption statute is a revision of G. S. 1894, §§ 8016-8024. Section 8017 related to the necessity of consent and, in so far as is important here, read as follows:

"No such adoption shall be permitted without the consent of such of the parents * * * as may be living * * *. In case neither of the parents is living * * * such consent may be given by the guardian, if such child has any; * * *."

The section then provided that consent might be given by the next of kin when there was no guardian or by the chairman of the county board (now changed to state board of control) when there was no next of kin. It might also be given by the mother of an

illegitimate child. If the child was over 14, the child itself must consent.

The revision of 1905 [§ 3613] condensed § 8017 so that it does not specifically mention the case where neither parent is living; but, after authorizing the consent by the guardian in various situations where the parents are incapacitated, the present section uses the words "or otherwise incapacitated from giving such consent."

It is apparent from their report that the revisers intended no change in the adoption law except in their revision [§ 3616] of § 8021 of G. S. 1894, which related to inheritance by the adopted child. The presumption is that no change in the existing law was intended by the general revision of 1905 unless a contrary intent appears. Wipperman Merc. Co. v. Jacobson, 133 Minn. 326, 158 N. W. 606. We therefore construe G. S. 1923 (2 Mason, 1927) § 8626, in the light of the reading of that section as it appeared before the revision. It starts out with a mandatory requirement that no adoption shall be permitted without the consent of the parents. If Janet's parents were living and not otherwise incapacitated under the provisions of the statute, it would be error to order the adoption without their consent, no matter how unreasonably they might withhold it. If parents are dead or incapacitated, the statute substitutes the consent of the guardian, if there be one, but does not dispense with it. Where there is no guardian or next of kin and the board of control has reported unfavorably on the adoption, there may be room for argument as to the necessity of consent by the board. We do not have that situation before us.

It is our opinion that under § 8626, when the child sought to be adopted has a guardian of the person, the consent of the guardian is necessary and a decree of adoption without such consent is erroneous. We are the more inclined to adopt this construction of the statute because our constitution, art. 6, § 7, confers exclusive jurisdiction on the probate court of persons under guardianship. G. S. 1923 (2 Mason, 1927) § 8933, gives the guardian broad powers which would normally be interfered with or superseded by the

rights conferred by adoption under § 8630 of those statutes. The resulting conflict when adoption is without consent by the guardian would not be beneficial to the child. Even if under our constitution the legislature has power to authorize adoption in the district court without the consent of the guardian (a question we do not here decide) we find no language in the statute which leads us to believe that it has expressed any such intent. To do so would create a conflict between the district court and the officers of the probate court such as we have here. It would require clear language to lead us to believe that the legislature so intended. We conclude that the consent of the guardian to the adoption of Janet is necessary. If it be withheld against her best interests, there may be a remedy by suitable proceedings in the probate court. The district court may not dispense with it.

The case of In re Estate of Sutton, 161 Minn. 426, 201 N. W. 925, cited by respondents, was a collateral attack on a decree of adoption. It was held that the decree was proof against such an attack unless want of jurisdiction appeared on its face. There the decree recited consent on its face. This court merely held that it was not necessary that the consent be filed or that the court make a finding of consent in order that its decree be invulnerable to collateral attack. The case is more favorable to appellant than to the respondent, for this court said [161 Minn. 427]:

"In order to determine that it had jurisdiction to render a judgment as to the status of the child, *it necessarily determined whether the consent which the law requires * * * was* given by the natural parents or by the institution which had the custody of the child."

The order appealed from is reversed.