HAWKINS *v.* HAWKINS.

4-9380                                    236 S. W. 2d 733

Opinion delivered February 26, 1951.

*Kenneth C. Coffelt,* for appellant.

*Quinn Glover* and *Carl Langston,* for appellee.

PAUL WARD, J. This case involves a question of first impression in this state and calls for a decision of whether an adopted child, having been later adopted, can inherit from its first adoptive parents. The matters leading to a presentation of this question are as follows:

Jacob B. Hawkins died on the 22nd day of April, 1950, leaving a will bequeathing to Clyde Eugene Brown

one dollar and all the remainder of his property to his wife, Dantie U. V. Hawkins, the appellee herein. As will appear the said Clyde Eugene Brown is the adopted son of deceased by the first adoption. The clause in the will pertaining to the adopted son is as follows:

"2. Not being unmindful of Clyde Eugene Brown who was the child of my former wife, said child being adopted by me and subsequently said child was adopted to other adoptive parents thereby releasing me from further legal liability on behalf of said minor child but in order that no discrepancy may arise as to my intent concerning said child I hereby bequeath to the said, Clyde Eugene Brown, the sum of One and no/100 Dollar ($1.00)."

On May 2nd, 1950, the widow offered the will for probate and the petition mentioned, as surviving spouse, heirs and devisees, herself and the brothers and sisters of the deceased but made no mention of the adopted son. Two days following the will was admitted to probate by order of the probate court. One week following the brothers and sisters mentioned in the petition to probate, who are appellants here, filed a petition to set aside the will on the ground of lack of mental capacity on the part of the testator and later the petition was amended to include undue influence, and alleging the deceased had property to the value of $15,000 at the time of his death. On May 24th, 1950, appellee filed an answer admitting the will, that the deceased was not survived by father or mother, that the property was valued at approximately $15,000, but denied petitioners' allegations of mental incapacity and undue influence and also denied that the appellants were the lawful heirs of the deceased or that they were entitled to any of his property either under the will or as lawful heirs and further stated that appellants were strangers to the will. Service was had only on appellee.

After much testimony was taken by both sides touching principally the questions of mental capacity and undue influence the trial court on July 15, 1950, rendered its judgment denying appellants' petition on the ground

that neither lack of mental capacity nor undue influence had been proven and disposing of the other question in the following language:

"The court finds further that it is unnecessary to decide the question of law as to whether or not the plaintiffs are interested persons eligible to contest the probate of this will within the meaning of Arkansas Statutes, § 62-2113, in view of the findings made by the court herein; the said question has become moot."

The section mentioned above is part of the 1949 Probate Code and reads as follows:

"*How will is contested.* An interested person may contest the probate of a will, or any part thereof, by stating in writing the grounds of his objection thereto and filing the same in the court."

Appellants prosecute this appeal from the judgment of the lower court and in the briefs and oral arguments of both sides we are confronted with the question of whether or not appellants are *interested persons* and, therefore, whether or not they have any standing in court to contest the validity of the will. The answer to that question depends on whether or not Clyde Eugene Brown, as an adopted child, can inherit from the deceased even though the said child had again been adopted by other parents several years before the death of the deceased and the same relationships still existed at the time of the death of the testator.

It is our judgment that Clyde Eugene Brown was and is an heir of Jacob B. Hawkins and that consequently appellants are not interested parties having had no right to maintain this action in the lower court and cannot prosecute this appeal in so far as it relates to the validity of the will. As stated, this question has never, so far as we are informed, been before this court, but we find no valid reason why an adopted child cannot inherit from its first adoptive parents. We have held that an adopted child can inherit from its natural parents and this is now the settled law of this state. In fact the 1947 adoption law expressly provides that the adopted

child should inherit from its natural parents. Our adoption statute of 1947 (§ 56-110 of the Statutes of Arkansas) provides three grounds whereby an adoption may be annulled, but it is not contended that such a procedure was followed in this case.

A study of the authorities of other states on this point seems to support the view which we herein adopt. Appellant cites the Oklahoma case of *Talley's Estate,* (*Harris* v. *Burgess*), 188 Okla. 338, 109 Pac. 2d 495, 132 A. L. R. 773, which holds to the contrary. The opinion admits, however, that a research of the authorities indicates a greater number of holdings from other states are not in accord with the conclusion it reached. We think it is possible also that the facts in the Oklahoma case might have had some bearing on the decision. There the child was 14 years old when adopted and gave his consent and some five years later he was re-adopted by his natural parents, wherein he again consented, and the last adopting order cancelled and voided the first adoption. One of the main reasons given for the decision reached was that when, by the second adoption, the first adoptive parents were relieved of all legal responsibility for the care and education of the child it would logically follow that the child would lose its right of inheritance. We cannot agree that this is sound logic and submit that it is contrary to the reason for the well established rule that an adopted child does inherit from its natural parents (as was acknowledged to be the law in Oklahoma), because a natural parent is likewise not legally obligated to support and educate a child which has been adopted. It might be added that a natural parent is under no obligation to support a child over twenty-one years of age, but this does not prevent the child from being an heir.

On the other hand there are many decisions in different states which hold that a twice adopted child does inherit from its adoptive parents.

*In Re Sutton Estate,* 166 Minn. 426, 201 N. W. 925; *Holmes* v. *Curl,* 189 Iowa 246, 178 N. W. 406; *Dreyer* v. *Schrick,* 105 Kan. 495, 185 P. 30; *Patterson* v. *Browning,*

146 Ind. 160, 44 N. E. 993; *In Re Egley's Estate,* 16 Wash. 2d 681, 134 P. 2d 943, 145 A. L. R. 821.

The reason given in most of the cases appears to be that once the statute invests the child with the right to inherit from an adopting parent his right cannot be taken away by the mere fact that he is later adopted by other parents. Some authorities call attention to the injustice that might result from a different holding, stating that it would enable adoptive parents, for reasons of their own, to promote a second adoption for the sole purpose of disinheriting the adopted child. We are impressed with the reasoning set forth above to the extent that we have decided to go along with what appears to be the weight of authority.

Having come to the conclusion that Clyde Eugene Brown is an heir to the estate of Jacob B. Hawkins the same as if he were a natural son it must naturally follow that appellants, who are the brothers and sisters of the said Hawkins, cannot be interested persons in the sense that they can maintain a suit to contest the validity of Hawkins' will. Since the legal heir was not made a party to this suit the judgment of the lower court was a nullity. We of course express no opinion as to the validity of the will as that question is not before us.

The appeal is dismissed and the trial court is directed to vacate its judgment herein and dismiss the cause of action.