## BROWN v. HAWKINS.

4-9583                                   240 S. W. 2d 863

Opinion delivered July 2, 1951.

*Kenneth C. Coffelt,* for appellant.

*Quinn Glover* and *Carl Langston,* for appellee.

GRIFFIN SMITH, Chief Justice.   The controversy is a sequence to *Hawkins* v. *Hawkins,* 218 Ark. 423, 236 S. W. 2d 733.

The appeal is from an order of April 25, 1951, dismissing a petition to set aside a judgment of probate, to the end that the minor as an adopted son might be represented as an interested party in the contest now narrowed to the single question of the testator's mental capacity.

The will was admitted to probate May 4, 1950, with notice by publication only. The order from which the appeal comes was predicated upon the minor's petition of February 27, 1951—filed a day following the Supreme Court decision in the *Hawkins* case.

The sole ground for dismissing the petition is that it was filed too late. Ark. Stat's, § 62-2114. The trial judge held that the new probate code (Act 140 of 1949) did not contain a savings clause in favor of minors, excepting them from limitation.

We agree with this determination. The principle was stated by Judge HART in *Jenkins* v. *Jenkins*, 144 Ark. 417, 222 S. W. 714. Courts can not, in the absence of a showing that fraud was practiced in procuring the order, or that some omission involving jurisdiction vitiated the judgment, give relief contrary to clearly expressed legislative purposes. We are not permitted to read into the statute something the lawmaking body withheld.

Appellants' brief does not point to any particular error other than the general proposition that in the circumstances here the judiciary should work out a method for the minor's protection. This could be done if jurisdictional errors were present. The petition of May 4, 1950 (asking that the will be probated) named six persons as surviving spouse, heirs, and devisees, but the minor was not mentioned. But the will was before the court, and it contained this statement:

"Not being unmindful of Clyde Eugene Brown, who was the child of my former wife, said child being adopted by me and subsequently said child was adopted by other adoptive parents, thereby releasing me from further legal liability on behalf of said minor child,—but in order that no discrepancy may arise as to my intent concerning said child, I hereby bequeath [to him the sum of $1]."

There is no legal requirement that the names of heirs and devisees be published in the warning order.

We feel that the overall intent in limiting the time of contest and in not making an exception in favor of minors was part of a plan to give certainty to court orders and provide security for those who in dealing with property must necessarily depend upon recorded transactions.

Affirmed.

Mr. Justice HOLT, Mr. Justice McFADDIN, and Mr. Justice WARD, dissent.

PAUL WARD, J., dissenting. The majority opinion, as well as appellee's brief, assumes that appellant was given proper notice of the original petition to probate the will of Jacob B. Hawkins and then a conclusion is reached on the ground that there is no savings clause for minors in the Probate Code. I would agree with the conclusion reached by the majority except for the fact that it is my opinion that appellant was not given the notice required by the Probate Code which is Act 140 of 1949.

Let us examine certain sections of the Code and for convenience all references will be made to sections of said Act 140. Let us at all times keep in mind that the only notice relied on by appellee is that of publication in a newspaper. Section 45 sets forth the required contents of a petition to probate. It states that the petition must contain the "names, ages, relationship to the decedent and residence addresses of the heirs and devisees, if any, so far as known or can with reasonable diligence be ascertained." It is conceded that when the widow of the deceased filed her petition for probate she omitted to include the name (and of course the residence) of appellant. It cannot be said that the petitioner did not know of the existence of appellant because his name was mentioned in the will and also he was a devisee in the will which was being probated.

Let us now examine Section 53 which deals with the time within which a contest must be filed. Sub-paragraph (2) is the portion that must be relied on in the majority opinion in order to limit appellant to six months' time in which to contest the will. By referring back to sub-paragraph (1) immediately above we find that it refers to Section 49 for the kind of notice that must be given where we find the following: "Notice thereof shall be given by one or more of the methods set out in Section 12 to each heir and devisee whose name and address is given, including notice other than by publication to each person who has filed demand for notice." Section 12 describes four different kinds of notices. The one relied on here by the majority opinion is sub-section (4) of said Section 12 which deals with newspaper pub-

lication and where we find the following language: ". . . when service by publication only is employed, all persons whose *names* and *addresses* appear in the petition shall be served by ordinary mail bearing on the envelope the return address of the clerk, in the same time and manner as provided in subsection (3) with respect to notice by registered mail, except that no registration shall be required." It is obvious that this portion of sub-section (4) was not complied with in respect to appellant for the reason that his name did not appear on the petition to probate. It was omitted through no fault of his but solely by the careless or willful act of the petitioner. It must follow then that under sub-section (3) of Section 53 appellant has five years in which to contest the will if he so desires and unless he is hereafter given proper notice.