R. C. MABRY et al *v.* Betty
MABRY and William H. HODGE,
Administrator

75-366                                    535 S.W. 2d 824

Opinion delivered April 26, 1976

*John B. Hainen,* for appellants.

*Tackett, Moore, Dowd & Harrelson,* for appellees.

J. FRED JONES, Justice. This is an appeal by R. C. Mabry
and other collateral heirs of Gordon Mabry, deceased, from a
summary judgment of the probate court in favor of Betty

Mabry, the widow and sole devisee under the will of the decedent, whereby a will contest instituted by the appellants was dismissed.

The facts appear as follows: On January 22, 1972, the decedent, Gordon Mabry, then 64 years of age, married the appellee Betty Sue Mabry, then Betty Sue Canada who was 40 years of age. On February 27, 1975, during his last illness, Gordon Mabry executed his last will and testament in which he directed that after his just debts were paid, all the rest and residue of his estate should go to his wife, Betty Sue Mabry, and he nominated Betty Sue as executrix.

Mr. Mabry died on March 17, 1975, and his will was duly filed for probate by the appellee Mrs. Mabry. On April 11, 1975, the appellant-surviving brothers and sisters of the decedent filed an instrument designated "Will Contest" alleging invalidity of the will because of incompetency. On June 16, 1975, the appellee Betty Sue Mabry filed a motion for summary judgment alleging the death of Gordon Mabry and her marital relationship to him as above set out. She alleged that the decedent left no descendants surviving him and that, under the provision of Ark. Stat. Ann. § 61-149 (b) (Repl. 1971), she was entitled, as surviving widow, to inherit his entire estate. She alleged that the petitioner-appellants, being collateral heirs, had no standing to contest the last will and testament of Gordon Mabry.

The appellants responded with the contention that Mrs. Mabry had "abandoned the marriage" and was, therefore, not entitled to take under § 61-149 (b).

After some preliminary proceedings and a partial hearing in the matter, the probate court agreed with the appellee Mrs. Mabry and granted her motion for summary judgment. The probate court concluded its final order as follows:

"The Motion For Hearing as filed wherein opponents of the probate of the Will of Gordon Mabry seek to introduce proof on the matter of 'continuously married' is denied."

The appellants contend on appeal to this court that "the

trial court erred in refusing to hear evidence and testimony offered by will opponents that surviving wife had abandoned the marriage so as not to qualify under Arkansas statute 61-149 (b) as 'continuously married.' "

Ark. Stat. Ann. § 62-2113 (Repl. 1971) provides as follows:

"An interested person may contest the probate of a will, or any part thereof, by stating in writing the grounds of his objection thereto and filing the same in the court."

Just any collateral heir is not necessarily an "interested person" with a right to contest the probate of a will under this statute.

In *Hawkins* v. *Hawkins,* 218 Ark. 423, 236 S.W. 2d 733 (1951), a decedent willed his property to his wife and willed $1.00 to a previously adopted son, explaining in his will that the son was first adopted by him and later adopted by other parties. The widow offered the will for probate and the brothers and sisters of the decedent filed a petition to set aside the will on the grounds of lack of mental capacity and because of undue influence. In that case we said:

"Appellants prosecute this appeal from the judgment of the lower court and in the briefs and oral arguments of both sides we are confronted with the question of whether or not appellants are *interested persons* and, therefore, whether or not they have any standing in court to contest the validity of the will. The answer to that question depends on whether or not Clyde Eugene Brown, as an adopted child, can inherit from the deceased even though the said child had again been adopted by other parents several years before the death of the deceased and the same relationships still existed at the time of the death of the testator.

* * *

Having come to the conclusion that Clyde Eugene Brown is an heir to the estate of Jacob B. Hawkins the

same as if he were a natural son it must naturally follow that appellants, who are the brothers and sisters of the said Hawkins, cannot be interested persons in the sense that they can maintain a suit to contest the validity of Hawkins' will. Since the legal heir was not made a party to this suit the judgment of the lower court was a nullity. We of course express no opinion as to the validity of the will as that question is not before us."

At the time of our opinion in *Hawkins, supra,* in 1951, a widow only had dower and homestead interest in her husband's estate and had no interest as an heir by descent and distribution. However, by Act 303 of 1969, Ark. Stat. Ann. § 61-149 (b) (Repl. 1971), a surviving spouse is made an heir where she survives the husband and he dies intestate and is survived by no descendants. This section provides that the heritable estate of an intestate shall upon his death pass to his children and to the descendants of such children who predecease the intestate. Then subsection (b) of § 61-149 provides as follows:

"(b) Second, if the Intestate is survived by no descendant, to the Intestate's surviving spouse unless the Intestate and such surviving spouse had been continuously married less than three [3] years next preceding the death of the Intestate, in which event the surviving spouse will take merely 50% of the Intestate's heritable estate."

In the case at bar the decedent Mr. Mabry was survived by no descendants. There is no question that the appellee Betty Mabry was the surviving spouse of the decedent and was the surviving spouse at the time of his death. The appellants contend, however, that the appellee Betty Mabry had not been "continuously married" to the decedent within the meaning of § 61-149 (b), *supra,* and that the trial court erred in failing to hear and consider evidence that the appellee Betty Mabry "abandoned" her marriage with the decedent. We find no merit in this contention. It is quite true that the appellee had only been married to the decedent three years and two months at the time of his death. But there was no evidence proffered and no contention made on the part of

the appellants that a divorce and remarriage intervened between the time Mr. Mabry and the appellee Betty Mabry were married on January 22, 1972, and the date of his death on March 17, 1975.

The proffered proof on the part of the appellants was to the effect that the appellee Mrs. Mabry was very inattentive to the decedent; that she disposed of a considerable amount of his property during their marriage; that she had abandoned the decedent on a number of occasions and for a period during his last illness. As a matter of fact the appellants proffered testimony to the effect that the appellee Mrs. Mabry was living the life of a free and unmarried person while dissipating the money and property of her husband. But, be that as it may, we are of the opinion that the probate judge was right in refusing to hear and consider such testimony for the purpose it was offered in this case.

It is entirely possible that one spouse may abandon the other and it is common knowledge that in many instances they do so under circumstances giving grounds for divorce. But neither spouse, individually or in collusion with the other, may effectively nullify, suspend or interrupt the binding force of their marriage contract by mere abandonment, and such aban'onment does not end the marital status. A state of marriag can only be dissolved during the lives of the parties to the marriage by annulment under Ark. Stat. Ann. § 55-106 (Repl. 1971), or by divorce under Ark. Stat. Ann. § 34-1201 et seq. (Repl. 1962 and Supp. 1975).

As already stated, the appellants failed to allege or offer to prove either an annulment or divorce' of the marriage between the decedent and the appellee Betty Sue Mabry, so we conclude that the order of the probate court must be affirmed.

The order is affirmed.