Charles Gregory SPICER *v.* ESTATE of Charles Nelson
SPICER

CA 95-941                                                935 S.W.2d 576

Court of Appeals of Arkansas
En Banc
Opinion delivered December 18, 1996

*Plastiras, Hyden, & Miron*, for appellant.

*Green, Henry, & Green*, by: *J. W. Green, Jr.*, for appellee.

JOHN MAUZY PITTMAN, Judge. This appeal arises from a will contest brought by appellant. The probate court found that appellant did not have standing to contest the will of Charles Nelson Spicer, appellant's grandfather, because he was not an "interested person" as defined in Ark. Code Ann. § 28-1-102 (1987). On appeal, appellant argues that the probate court's decision is clearly erroneous because he has a legal interest in the estate. We agree and reverse and remand.

Charles Nelson Spicer left a holographic will, holographic codicil, and typewritten codicil. Charles Spicer bequeathed to his surviving son, Don Charles Spicer, his personal residence and to his surviving daughter, Donna Sue Spicer Meredith, properties of equal value. The will also created a trust for the benefit of Charles Spicer's grandchildren. Appellant was listed as one of four grandchildren entitled to one-eighth of the distribution of the trust, and three other grandchildren were also listed and entitled to one-sixth of the distribution of the estate. Appellant was to receive $750 per month.

Charles Spicer's first codicil amended his will to create out of his properties a memorial foundation in the memory of his parents. In his second codicil, Charles Spicer added his daughter, Sue Meredith, as a beneficiary of the trust. This change reduced appellant's share in the trust to $600 per month.

The issue before us is whether appellant is an "interested person" as defined at Ark. Code Ann. § 28-1-102(a)(11) (1987), thus having standing to contest Charles Spicer's will. Arkansas Code Annotated § 28-1-102(a)(11) defines "interested persons" as "any heir, devisee, spouse, creditor, or any other having a property right, interest in, or claim against the estate being administered, and a fiduciary." An interested person may contest the probate of a will, or any part thereof, by stating in writing the grounds of his objection and filing them in the court. Ark. Code Ann. § 28-40-113(a) (1987). The probate court reasoned that appellant had no standing to contest the will because he would not take as an heir if no will existed. However, the court erroneously overlooked the portion of Ark. Code Ann. § 28-1-102(a)(11) which defines "interested persons" as those having an interest in the estate. The evidence is undisputed that appellant is specifically named in Charles Spicer's will as a beneficiary of a trust which would have distributed $750 per month to appellant. The second codicil affected appellant's interest in the trust by reducing his share to $600 per month. The facts that appellant was a beneficiary of the trust and that the second codicil affected his beneficial interest clearly establish that appellant has an interest in the estate of Charles Spicer. Therefore, we reverse the probate court's decision that appellant does not have standing to contest Charles Spicer's will.

Reversed and remanded.

STROUD and GRIFFEN, JJ., agree.

ROBBINS, J., concurs.

MAYFIELD and NEAL, JJ., dissent.

JOHN B. ROBBINS, Judge, concurring. I agree to reverse and remand because, as noted in the majority opinion, appellant has an interest in the estate and is, therefore, an "interested person" who has standing to contest the decedent's will. I do not, however, believe it is significant that the extent of the appellant's interest in the testamentary trust was reduced by the second codicil. Insofar as

the majority opinion relies on the change made by the second codicil in holding that appellant has standing, I must disagree, but concur in the result.

MELVIN MAYFIELD, Judg, dissenting. I respectfully dissent from the opinion of the majority in this case. The majority has reversed the probate court's finding that the appellant did not have standing to contest the will of his grandfather because he was not an "interested person" as defined in Ark. Code Ann. § 28-1-102(a)(11) (1987). In doing so, the majority, without any citation to authority, has simply held that appellant has an interest in the estate because he is named in the will as a beneficiary of a trust and the second codicil affected his beneficial interest. The probate judge did not think that was sufficient to make appellant an interested party and neither do I.

Arkansas Code Annotated § 28-1-102(a)(11) defines "interested person" as any "heir, devisee, spouse, creditor, or any other having a property right, interest in, or claim against the estate being administered, and a fiduciary."

In the case at bar, the decedent did not leave a surviving spouse, and was survived by his only two children, Don Spicer and Donna Meredith. Therefore, the appellant, who is Don Spicer's son and the decedent's grandson, will take nothing if the will is denied probate. *See* Ark. Code Ann. § 28-9-214(l) (heritable estate passes first to the children of the intestate). Thus, the appellant's claim to the estate arises solely as a result of the will under which the trust is created and depends entirely upon the validity of the will. Without the will, the appellant gets nothing, and has no property right, interest in, or claim against the estate. Neither is he an heir, devisee, spouse, or creditor.

In 3 Bowe & Parker, *Page On The Law of Wills*, § 26.57 at 129 (Revised Treatise 1961), it is said that "one who is not benefitted by having the will set aside, either as heir or next of kin, or by asserting a right to administer in case of intestacy, cannot contest the will." Citation to cases from many states are given to support that statement. One citation is to the Arkansas case of *Hawkins v. Hawkins*, 218 Ark. 423, 236 S.W.2d 733 (1951). In that case the Arkansas Supreme Court held that the appellants were not interested parties under the same provision of the 1949 Probate Code that is involved in this case. There, the appellants were the brothers and sisters of the deceased who had made a will leaving one dollar to an adopted

son and the remainder of his property to his wife. His brothers and sisters filed a petition to set aside the probate of the will on the grounds of lack of mental capacity on the part of the deceased and that the will was invalid because of undue influence. The trial court held that the appellants did not establish either lack of mental capacity or undue influence; therefore, it was not necessary to decide the question of whether the appellants were "interested" persons eligible to contest the probate of the will.

On appeal, the Arkansas Supreme Court did decide the question of whether the appellants were interested persons. It found that the adopted son, even though he was later adopted again by other adoptive parents, was still the adopted son of the deceased. The court said that having come to the conclusion that the son was an heir to the estate of the deceased "as if he were a natural son it must naturally follow that appellants, who are the brothers and sisters of the [deceased], cannot be interested persons in the sense that they can maintain a suit to contest the validity of [the deceased's] will." 218 Ark. at 427, 236 S.W.2d at 735.

The above case seems to settle the issue in this case. The grandson who is attempting to contest the will in this case is in the same legal position as were the brothers and sisters of the deceased in the *Hawkins* case.

In the 1996 cumulative supplement to §26.57, *Page On the Law of Wills*, the treatise cites the case of *Hardie* v. *Hardie*, 312 Ark. 189, 848 S.W.2d 417 (1993), for support of the same proposition. In *Hardie* the court said:

> The central issue in this case is whether the remote heirs have the power to attack a court-approved settlement agreement. It should be noted that at the time the settlement agreement was executed, these remote heirs were not "interested persons" entitled to contest a will under Ark. Code Ann. § 28-40-113(a) (1987) because they would not have taken by intestate succession at that time since Mrs. Davis' two daughters were still living. See *Mabry* v. *Mabry*, 259 Ark. 622,535 S.W.2d 824 (1976) (brothers and sisters of testator were not interested persons where testator had adopted son living); *Hawkins* v. *Hawkins*, 218 Ark. 423, 236 S.W.2d 733 (1951) (just any collateral heir is not necessarily an "interested person" with a right to contest the probate of a will

under Ark. Code Ann. § 28-40-113 (1987)).

312 Ark. at 196, 848 S.W.2d at 420.

It is also interesting to note that the very first citation in the 1996 supplement to § 26.57 of *Page On the Law of Wills* is to the Alabama case of *Ames* v. *Parker*, 553 So.2d. 570 (Ala. 1989). The summary describes the holding of the case as follows:

> [W]here grandchild of testatrix had only an expectancy interest under prior will and could have received nothing under that will, but had a vested interest in estate under final will, grandchild had no real, beneficial interest under prior will that could be harmed by establishment of later will, and therefore grandchild had no standing to contest later will as an "interested person".

There is no question in my mind about the issue in the instant case. Under the law, the grandson of the deceased grandfather is not an "interested" person who can contest the will in this case. There also seems to be no logical reason to reach a contrary result. If one is allowed to dispose of property by will, why should someone who has no claim to an interest in that property if the will is set aside be allowed to contest the will? If there is a rational reason to allow this, it escapes me. And if the grandchild does not want what he is given by the will in this case, he certainly does not have to take it.

I would affirm the trial court; therefore, I dissent from the majority opinion.

NEAL, J., joins in this dissent.